## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CIRCADIANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| vs. | ) | |
| | ) | |
| OWLET BABY CARE, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### VERIFIED COMPLAINT

AND NOW COMES plaintiff, Circadiance LLC ("Circadiance") by and through its attorneys, Metz Lewis Brodman Must O'Keefe LLC, and for its Verified Complaint against Owlet Baby Care, Inc., states as follows:

### PARTIES

1.      Circadiance is a limited liability company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 1300 Rodi Road, Turtle Creek, Pennsylvania 15145.

2.      Upon information and belief, Owlet Baby Care, Inc. ("Owlet") is a Delaware corporation with a principal place of business of Suite 500, 2500 Executive Parkway, Lehi, Utah 84043.

### JURISDICTION AND VENUE

3.      This Complaint is based upon trademark infringement, false designation of origin and description of goods, and unfair competition. It arises under the trademark laws of the United States, codified at Title 15, United States Code § 1051, *et seq.*, and under the trademark and common laws of the Commonwealth of Pennsylvania.

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1332 and 1338, in that this action arises under the laws of the United States.

5.      This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), and under the doctrine of pendent jurisdiction in that the claims are joined with a substantial and related claim under the trademark laws of the United States.

6.      This Court has jurisdiction over Defendant with respect to the causes of action herein set forth in that Defendants have committed the acts complained of herein in this District and threaten to purposefully commit further acts complained of herein in this District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) in that the claims arose in this District and Defendants are subject to personal jurisdiction in this District.

## COUNT I
### Federal Trademark Infringement Under 15 U.S.C. § 1114

8.      The averments of Paragraphs 1 through 7 of the Verified Complaint are incorporated herein by reference as if set forth in full.

9.      Circadiance develops, manufactures, and sells electronic cardiac and respiratory sensor and monitoring systems primarily for infants throughout the world.

10.     The Circadiance systems are sold under the name and mark SMART MONITOR (the "Mark").

11.     Circadiance and its predecessors in interest introduced the Smart Monitor system to the market in 1998 and have actively marketed the system under the Mark since that time.

12.     Circadiance targets both the professional medical and consumer market with its system.

13.     Circadiance is the owner of SMART MONITOR, United States Trademark Registration No. 1,643,500 for cardio-respiratory patient monitors.   A copy of this valid

registration, which has attained incontestable status, is attached hereto as Exhibit A, together with a current status report from the United States Patent and Trademark Office demonstrating that the registration is live.

14.     Circadiance maintains a website at www.circadiance.com and distributes a significant amount of printed marketing and sales material throughout the United States. Circadiance manufactures and sells its cardio-respiratory systems under the Mark in the United States.  Circadiance has dedicated considerable time, effort and financial commitment to the development of its products and has reaped the benefit of significant customer recognition of Circadiance as a purveyor of these products.

15.     Owlet is engaged in the distribution and sale of baby monitors and has developed several devices for obtaining status data from infants.

16.     Owlet offers for sale a baby monitoring device which is identified by the name and mark Smart Monitor and/or Smart Monitor Duo (the "Owlet Products").  A copy of Owlet's relevant web page at www.owletcare.com/pages/smart-monitor-duo is attached hereto as Exhibit B.

17.     Owlet's use of a name and mark which is identical to the Mark as a trademark in connection with sales and offering to sell baby monitoring devices in the form of Owlet Products is likely to cause confusion and mislead customers and potential customers of Circadiance into believing that there is an association between Owlet and Circadiance.

18.     The Mark has become uniquely associated with and hence identifies Circadiance as the source of origin of the Smart Monitor cardio-respiratory monitoring system.

19.     Defendant's interstate use of the Mark on monitoring products constitutes a false designation of origin, or a false representation, wrongly and falsely designates their products as originating from or being connected with Circadiance.

20.     Defendant has advertised, in interstate commerce, goods using marks confusingly similar to Circadiance's Mark, thus causing likelihood of confusion, deception, and mistake among the purchasing public in violation of 15 U.S.C. § 1114, which will continue unless restrained by this Court.

## COUNT II
### Federal Unfair Competition under 15 U.S.C. §1125(a)

21.     The averments of Paragraphs 1 through 23 of the Verified Complaint are incorporated herein by reference as if set forth in full.

22.     Use by Defendant of the Mark in connection with the advertising of their products constitutes a false designation of origin that has resulted in and is likely to result in confusion or mistake or deception in the trade, which has caused and will cause irreparable injury to Circadiance, in violation of 15 U.S.C. § 1125(a), and will continue to do so unless enjoined by the Court.

## COUNT III
### Pennsylvania Unfair Competition

23.     The averments of Paragraphs 1 through 25 of the Verified Complaint are incorporated herein by reference as if set forth in full.

24.     Defendant's use of the Mark for baby monitoring products is likely to cause confusion, mistake or deception as to the source of origin of Defendant's goods, and is being carried out with the knowledge or reckless disregard for the fact that such mark is intended to be used to cause confusion or mistake or to deceive all in violation of 54 Pa.C.S.A. §§ 1123 and 1126.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.      That this Court find that Defendant's acts and use of the Mark and other formatives, constitutes an infringement of Plaintiff's rights.

2.      That this Court grant Plaintiff's request for a permanent injunction enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert therewith from using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the products or services of Defendant and its third party customers are sponsored by, authorized by, or in any way associated with Plaintiff.

3.      That this Court grant Plaintiff's request for a permanent injunction enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert therewith from infringing Plaintiff's rights in the Mark and its formatives.

4.      That this Court grant Plaintiff's request for a permanent injunction enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert therewith from falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendants and their customers are associated with Plaintiff.

5.      That this Court grant Plaintiff's request for a permanent injunction enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert therewith from using any reproduction, counterfeit, copy or colorable imitation of the Mark in

connection with the publicity, promotion, sale, or advertising of products offered or sold by Defendant with a copy or colorable imitation of Plaintiff's Mark.

6.     That this Court grant Plaintiff's request for a permanent injunction enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert therewith from fixing, applying, annexing or using in connection with the sale of any goods or services, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services as being those of Plaintiff and from offering such goods or services in commerce.

7.     That this Court grant Plaintiff's request for an accounting of all profits and and award all damages resulting from Defendant's activities to Plaintiff.

8.     That this Court provide to Plaintiff such other relief as it deems just and proper.

Respectfully submitted,

Metz Lewis Brodman Must O'Keefe LLC

By:     /s/Barry I. Friedman
Barry I. Friedman, Esquire
(Pa. I.D. No. 50507)
535 Smithfield Street, Suite 800
Pittsburgh, Pennsylvania  15222
(412) 918-1100

Attorneys for Plaintiff

## **VERIFICATION**

I, David Groll, President and CEO of Circadiance LLC, have read the foregoing Verified Complaint. The statements therein are correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of perjury under the laws of the United States, 18 U.S.C. 1001, et seq. and 28 U.S.C. § 1746, relating to unsworn declarations.

David Groll
President and CEO